UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN ALLEN ) | |
| ) | |
|     Plaintiff, ) | Case No. |
| ) | |
| v. ) | Judge |
| ) | |
| AURORA POLICE OFFICER DOUGLAS RASHKOW, ) | Magistrate Judge |
| Individually; and, ) | |
| CITY OF AURORA ) | |
| ) | Jury Demand |
|     Defendants. ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, Jonathan Allen, by and through one of his attorneys, David S. Lipschultz of Goldberg Weisman Cairo, and in complaining against the Defendants, Aurora Police Officer Douglas Rashkow, Individually, and the City of Aurora, states as follows:

### JURISDICTION AND VENUE

1. This action is brought pursuant to the United States Constitution; 42 U.S.C. §1983 and §1988 (the Civil Rights Act of 1871); and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the Defendant and committed under color of law.

2. This Court has jurisdiction under and by virtue of 28 U.S.C. §1343, §1331 and §1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts complained of took place in this district.

**PARTIES**

4. The Plaintiff, Jonathan Allen, is a United States citizen and a resident of the State of Illinois, County of Cook.

5. At all relevant times herein referenced, Defendant Police Officer Douglas Rashkow ("Officer Rashkow") was employed by the City of Aurora as a sworn police officer. He is sued in his individual capacity. At the time of the incident at issue in this Complaint, Officer Rashkow was engaged in the conduct complained of while acting within the scope of his employment and under color of law.

6. At all times relevant herein, Defendant City of Aurora was and is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer principal of Officer Rashkow.

**FACTS COMMON TO ALL CLAIMS**

7. On or about January 31, 2012, at approximately 5:45 p.m., Mr. Allen was located at the Marathon gas station, located at or about 1116 E. New York St., in Aurora, Illinois.

8. Mr. Allen was located in a vehicle outside the Marathon station. Mr. Allen was driving, and his friend, whose mother owned the car, was located in the passenger seat.

9. Officer Rashkow approached the car, questioned Mr. Allen and his friend, and left the gas station.

10. Officer Rashkow returned approximately ten minutes later, removed Mr. Allen's friend from the car, and arrested him.

11. Officer Rashkow arrested Mr. Allen, falsely charging him with criminal trespass.

12. Mr. Allen was not committing any crimes, traffic violations, or bad acts whatsoever, and the criminal charges against Mr. Allen were dismissed.

13. As a result of the conduct of Officer Rashkow, the Plaintiff was incarcerated, and incurred financial losses and other damages.

## COUNT I
## SECTION 1983 FALSE ARREST
## AGAINST OFFICER RASHKOW

14. The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 13 as his respective allegations of paragraph 14 of Count I.

15. Officer Rashkow did not have probable cause to arrest Mr. Allen.

16. The actions of Officer Rashkow violated Mr. Allen's Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

17. As a direct and proximate consequence of said conduct of Officer Rashkow, Mr. Allen suffered violations of his constitutional rights, loss of liberty, monetary expenses, fear, emotional distress, and other injuries.

WHEREFORE, the Plaintiff, Jonathan Allen, prays for judgment against the Defendant, Officer Douglas Rashkow, for compensatory damages, punitive damages, attorney's fees pursuant to 42 U.S.C. §1988 plus costs, and such other and additional relief as this Court deems equitable and just.

## COUNT II
## INDEMNIFICATION PURSUANT TO 745 ILCS 10/9-102
## AGAINST THE CITY OF AURORA

18.     The Plaintiff re-alleges and incorporates herein the allegations of paragraphs 1 through 17 as his respective allegations of paragraph 18 of Count I.

19.     The acts of Officer Rashkow were committed in the scope of his employment with the Defendant City of Aurora.

20.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-402, Defendant City of Aurora is liable for any judgments for compensatory damages in this case arising from the actions of Officer Rashkow.

WHEREFORE, the Plaintiff, Jonathan Allen, respectfully asks this Honorable Court to order the Defendant City of Aurora to pay the Plaintiff any judgments for compensatory damages against Defendant Rashkow.

## JURY DEMAND

The Plaintiff requests a trial by jury.

Respectfully submitted,

/s/ David S. Lipschultz

David S. Lipschultz
Goldberg Weisman Cairo
One East Wacker, 38th Floor
Chicago, IL  60601
Telephone: 312-464-1200
Atty. No. 6277910